UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GUINTO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 09940 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| OFFICER PITOR NESTOROWICZ, | ) | |
| OFFICER DAVIS MURILLO, | ) | |
| OFFICER MARTIN STAUNTON, and | ) | |
| the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For a short time, Jose Guinto stopped his car in a no-parking zone. He and a friend remained in the car while the friend made a phone call. Chicago Police Officers Pitor Nestorowicz, Davis Murillo, and Martin Staunton drove by Guinto's car and, soon thereafter, saw Guinto pull away from the curb. Nestorowicz then turned his car around, pulled Guinto over, and arrested him for parking in a no-parking zone. Guinto was taken to Cook County Jail, where he remained for seven months. Released after a judge granted his motion to quash his arrest, Guinto sued the three officers and the City of Chicago.[1]

Now Defendants move to dismiss. R. 14, Defs.' Br. at 1. Their motion is granted in part and denied in part. It is granted with prejudice as to the state-law claims (Counts 4, 5, 6, and 8) because Guinto concedes that these claims are time-

---

[1]The Court has jurisdiction under 28 U.S.C § 1331 and 28 U.S.C. § 1367. Citations to the record are "R." followed by the docket number and then the page or paragraph number.

barred. R. 19, Pl.'s Resp. Br. at 2. It is also granted with prejudice as to Guinto's federalized malicious prosecution claim (Count 3) because the Seventh Circuit has refused to recognize that claim under the circumstances as Guinto pleads them. The remainder of the motion is denied. Defendants argue that Guinto's § 1983-based false-arrest claim (Count 1) and his derivative claims for failure-to-intervene (Count 2) and indemnity (Count 7) fail because there was probable cause to arrest Guinto for parking in a no-parking zone. Defs.' Br. at 4. Not so. Because there was no probable cause, at least as the facts are alleged, these claims survive.

## I. Background

Jose Guinto stopped his truck at an intersection in Chicago. R. 1, Compl. ¶¶ 9-10.[2] Guinto and a friend remained in the truck while the friend made a phone call. *Id*. ¶¶ 11-12. A nearby street sign prohibited parking, but not standing. *Id*. ¶ 13. Parking is "the standing of an *unoccupied* vehicle." Chicago Municipal Code § 9-4-010 (emphasis added). Standing is "the halting of a vehicle, whether occupied or not." *Id*. While Guinto was stopped, an unmarked police car passed. Compl. ¶ 14. Afterward, Guinto put his truck in gear and drove away. *Id*. ¶ 15.

The police car swung around and pulled Guinto over. *Id*. ¶ 16. Officer Pitor Nestorowicz pulled Guinto from his truck and detained him. *Id*. ¶ 17. Officers Davis Murillo and Martin Staunton, who were in the unmarked car with Nestorowicz, secured Guinto in the back of their police car. *Id*. Guinto was arrested, on

---

[2]The truck was a 1995 GMC Jimmy, R. 1 ¶ 9, not a tractor-trailer that might need special permission to park or to stand on certain streets.

2

Nestorowicz's affidavit, for parking in a no-parking zone. *Id.* ¶ 22. Guinto was taken to Cook County Jail, where he remained for seven months. *Id.* ¶¶ 22-24.

Guinto's case never made it to trial. His detention ended after the state court granted a pretrial motion to quash his arrest. *Id.* ¶ 25. The state court found that there was no probable cause to believe that Guinto had been parked in a no-parking zone, as Nestorowicz had claimed. *Id.* The prosecution then moved to *nolle pros* all charges and Guinto was released. *Id.* Just under two years later, Guinto sued. His suit names Nestorowicz, Murillo, Staunton, and the City of Chicago and alleges eight counts. *Id.* ¶ 1. Defendants move to dismiss all of them. Defs.' Br. at 1-2.

## II. Legal Standard

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Most claims fall under Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). And it must "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above

3

the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, but not legal conclusions, are assumed to be true. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

### A. § 1983 - False Arrest (Count 1)

For the reasons explained below, Defendants' motion to dismiss Count 1 is denied. Guinto alleges that Nestorowicz violated his Fourth Amendment rights by arresting him without probable cause. Compl. ¶¶ 31-33. Defendants argue that there was probable cause, and that even if there was not, Nestorowicz is entitled to qualified immunity. Defs.' Br. at 5-8; R. 22, Defs.' Reply Br. at 4-5. Defendants are wrong, at least based on the facts alleged.

### 1. Probable Cause

Assuming the allegations in the complaint are true, there was no probable cause to arrest Guinto. Warrantless arrests, like Guinto's, are permitted on probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). But probable cause exits only if a prudent person could have reasonably believed that "the suspect has committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 31 (1979)). The existence of probable cause is analyzed on the facts as they would have appeared to a reasonable officer in the position of the arresting officer. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

A reasonable officer in Nestorowicz's position would have known that Guinto was not illegally *parked*. The municipal code defines parking as "the standing of an

4

*unoccupied* vehicle." § 9-4-010 (emphasis added). Guinto's complaint alleges that his truck was occupied. For the whole time the truck was at the curb, Guinto and his friend were in it. Compl. ¶¶ 10-13. More importantly, based on the allegations, Defendants knew that the truck was occupied: after Defendants passed by in the police car, Guinto put the truck in gear and drove off (and then the police car swung around to stop him), so naturally Defendants knew that the truck had a driver and was occupied. Assuming those allegations are true, a reasonable officer would have known that Guinto had not "parked" his truck.

### 2. Qualified Immunity

Nor does qualified immunity defeat the claims, again assuming the truth of the allegations. Although the Fourth Amendment clearly establishes a right to be free from arrest without probable cause, *see Fleming v. Livingston Cnty*, 674 F.3d 874, 879 (7th Cir. 2012), qualified immunity will nonetheless protect a police officer who arrests someone without probable cause if the officer believed there was probable cause based on a reasonable—but mistaken—interpretation of an ambiguous law, *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014), or if probable cause was a close call and the officer reasonably (even if mistakenly) concluded that there was probable cause. Here, no reasonable mistake could have been made about the parking ordinance.

The parking-versus-standing ordinance is unambiguous—a car that is occupied by definition is not "parked." *Heien* was very different. There, an officer pulled the plaintiff over because one of his brake lights was out. *Heien*, 135 S. Ct. at

5

532. The plaintiff was released when a state court later held that the relevant statutory provision only required a single working brake light. *Id*. The police officer in *Heien* officer was wrong on the law, but not unreasonably so. The language of the relevant provision was ambiguous. *Id*. at 540. And, because of the ambiguity, the officer's mistake—believing that all brake lights must be functioning instead of just one—was reasonable. *Id*. He was therefore entitled to qualified immunity. Not so here. The parking provision is not ambiguous: an occupied car is not parked. On the complaint's allegations, Guinto's car was occupied and Defendants knew it.

The defense also argues that under a Seventh Circuit decision, *Fleming v. Livingston County*, Nestorowicz gets qualified immunity because a reasonable officer would have "arguable probable cause" to believe Guinto was parked. 674 F.3d at 880; Defs.' Br. at 8-9. The officer in *Fleming*, after being informed of a break-in, made a reasonable mistake of fact—thinking the plaintiff was a burglar—because the plaintiff matched a burglary suspect's description and was the near the crime scene. *Id*. Defendants are off-base if they are arguing that Nestorowicz, like the officer in *Fleming*, made a reasonable mistake of fact. To think that a car that is driving around is unoccupied is not reasonable.

### B. § 1983 - Failure to Intervene (Count 2)

Defendants' motion to dismiss Count 2 also is denied. Guinto alleges that Murillo and Staunton failed to intervene to prevent Nestorowicz from arresting Guinto without probable cause. Compl. ¶¶ 31-33. For this claim, Defendants argue only that there was no failure to intervene to prevent an arrest without probable

6

cause because there was no arrest without probable cause in the first place. Defs.' Br. at 7. There was no arrest without probable cause because, they say, Nestorowicz had probable cause to arrest Guinto. But, as the Court has just now decided, there was no probable cause to arrest Guinto, so this argument fails.

### C. § 1983 - Malicious Prosecution (Count 3)

Defendants' motion to dismiss Count 3 is granted with prejudice. Guinto alleges a Fourth Amendment malicious prosecution claim under § 1983 for his continued detention after his initial illegal seizure. Compl. ¶ 39. Defendants argue that Seventh Circuit precedent bars this claim. Defs.' Br. at 8-9. They are right.

There can be no Fourth Amendment malicious prosecution claim for continued detention without another search or seizure. *Llovet v. City of Chicago*, 761 F.3d 759, 762 (7th Cir. 2014). In *Llovet*, the plaintiff sued police officers for malicious prosecution under the Fourth Amendment after the officers charged the plaintiff with an additional charge that prolonged his detention. *Id*. at 760. This did not violate the Fourth Amendment because the basis of the plaintiff's continued detention—the filing of the new charge—was not an invasion of an interest protected by the Fourth Amendment. *Id*. at 764. Put simply, it was neither a search nor a seizure.

Like the plaintiff's detention in *Llovet*, Guinto's continued detention was not a Fourth Amendment violation because it was not the result of an independent seizure. Per *Llovet* "there is a difference between seizing a person and not letting him go." *Id*. at 764. And that difference makes all the difference for the Fourth

7

Amendment. Here, after arraignment, Guinto was not let go—not re-seized. So Guinto's claim fails under *Llovet*.

## IV. Conclusion

Defendants' motion to dismiss [R. 14] is granted in part and denied in part. It is granted as to Counts 3, 4, 5, 6, and 8. Those counts are dismissed with prejudice. It is otherwise denied.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 29, 2015